UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SINVAL NUNES FERREIRA,

    Plaintiff,

vs.

OLYMPUS TOWERS CONDOMINIUM &
MARINA, a Florida corporation d/b/a
The Olympus Association, Inc., and AW
PROFESSIONAL & MAINTENANCE
SERVICE, INC, a Florida corporation, and
SHERNELLE SINGH, CAM, individually,
and WILMA ANDRADE, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, SINVAL NUNES FERREIRA, individually ("Ferreira"), by and through undersigned counsel, sues Defendants, OLYMPUS TOWERS CONDOMINIUM & MARINA, a Florida corporation, d/b/a The Olympus Association, Inc. ("Olympus"), AW PROFESSIONAL & MAINTENANCE SERVICE, INC, Florida corporation ("AW Service"), SHERNELLE SINGH, CAM, individually ("Singh"), and WILMA ANDRADE, individually ("Andrade"), and for his causes of action, declares and avers as follows:

    1.    Ferreira brings this action to recover from Defendants unpaid overtime compensation, liquidated damages, costs, and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

2. Ferreira is a US Citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

3. Olympus is a Florida corporation, doing business in Florida, and otherwise within the jurisdiction of this Court.

4. AW is a Florida corporation, doing business in Florida, and otherwise within the jurisdiction of this Court.

5. Singh is a US Citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

6. Andrade is a US Citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

7. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is appropriate in the Southern District, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District and Defendants reside in the Southern District.

9. At all times material hereto, Olympus was an association operating the Olympus Towers Condominium & Marina complex located at 500 Three Island Blvd., Hallandale Beach, FL 33009 ("Olympus Towers").

10. At all times material hereto, AW was a professional maintenance and cleaning company.

11. At all times material hereto, Andrade owned and operated AW.

12. At all times material hereto, Olympus employed Singh as its Community Association Manager.

13. At all times material hereto, Olympus employed Singh as its Community Association Manager.

14. At all times material hereto, AW employed Ferreira as a maintenance employee, assigning him to Olympus Towers.

15. At all times material hereto, Olympus was, and continues to be, engaged in interstate commerce as defined by the FLSA.

16. At all times material hereto, AW was, and continues to be, engaged in interstate commerce as defined by the FLSA.

17. At all times material hereto, AW and Olympus acted in the direct interests of each other towards a collective interest, and exercised common control over employees, including personnel decisions, and as such, AW and Olympus are a "single employing enterprise" or, alternatively, "joint employer" of Ferreira.

18. At all times material hereto, and in her role as CAM for Olympus, Singh supervised employees and regularly exercised the authority to hire and fire employees; determine the work schedules of employees; set the pay rates of employees; and control the finances and operations of Olympus. By virtue of such control and authority, Singh is individually liable as an "employer" under the FLSA.

19. At all times material hereto, and in her role as owner and operator of AW, Andrade supervised employees, including Ferreira; regularly exercised the authority to hire and fire employees, including Ferreira; determined the work schedules of employees, including Ferreira; set the pay rates of employees, including Ferreira; and controlled the finances and operations of AW, including labor costs. By virtue of such control and authority, Andrade is individually liable as an "employer" under the FLSA.

20. At all times material hereto, during his employment with Defendants, Ferreira was engaged in interstate commerce.

21. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Ferreira, while working for Defendants as a maintenance worker, performed hours of service for Defendants in excess of forty (40) during one or more workweeks, for which Defendants failed to properly pay overtime premiums.

22. In the course of his employment with Defendants, Ferreira worked hours over forty (40) with Defendants' knowledge (actual and/or constructive) but was not properly paid overtime premiums for those hours.

23. The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime premiums to Ferreira for those hours worked over forty (40).

## COUNT I - RECOVERY OF UNPAID OVERTIME

24. Ferreira reavers and realleges all allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25. Ferreira is entitled to be paid an overtime premium for each hour worked exceeding forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include all payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.

26. By reason of the willful and unlawful acts of Defendants, Ferreira has suffered damages.

27. As a result of the Defendants' violation of the Act, Ferreira is entitled to liquidated damages in an amount equal to that which he is owed as unpaid overtime.

WHEREFORE, Ferreira demands judgment against Defendants for the overtime wages due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees, expenses, taxable court costs, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

PADULA BENNARDO LEVINE LLP
Attorneys for Plaintiff
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:     (561) 544-8900
Facsimile:      (561) 544-8999


By:     **Daniel R. Levine**
        Daniel R. Levine, Esq.
        Fla. Bar No. 0057861
        E-Mail: drl@pbl-law.com